United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INNOVATIVE SPORTS MANAGEMENT, INC.,

Plaintiff,

v.

LADY Z. LIZCANO, et al.,

Defendants.

Case No. 25-cv-07588-NW

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Re: ECF No. 26

Plaintiff Innovative Sports Management ("Innovative") owns the domestic commercial exhibition rights to broadcast certain soccer games nationwide. Innovative sued Defendants Lady Lizcano, Manuel Trujilio, and MLSJ, Inc. for displaying one of these soccer matches inside their restaurant without a license. Defendants have failed to respond to any of the allegations made by Innovative in this case, and Innovative now moves for default judgment. For the following reasons, the Court grants default judgment against Defendants.

## I. BACKGROUND

For the purposes of default judgment, the factual allegations in a complaint are accepted as true except for those related to damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Innovative purchased exclusive commercial exhibition rights to license certain soccer matches to business establishments, like bars and restaurants, across the United States. Compl., ECF No. 1. Innovative owns the licensing rights to the September 10, 2024 soccer match between Colombia and Argentina. *Id.* On that date, an agent of Innovative visited the Hacienda Parilla Bar in San José, California. ECF No. 24-1. The agent observed the Hacienda Parilla Bar displaying the match on their televisions for its patrons to view. *Id.* There were approximately 52-61 patrons

present in the bar at the time. *Id*. Innovative does not allege that the Hacienda Parilla Bar advertised the event in advance nor charged a cover fee for patrons to enter. ECF No. 1.

On its California liquor license, the Hacienda Parilla Bar lists Defendant MLSJ, Inc. as its primary owner. ECF No. 1. The license also lists Defendant Lady Z. Lizcano as the President, CEO, CFO, stockholder, and director of MLSJ, and Defendant Manuel Andrade Trujilio as the secretary, stockholder, and director of MLSJ. *Id.*

Innovative filed this suit on September 5, 2025, seeking damages under 47 U.S.C. § 605 or alternatively under 47 U.S.C. § 553, damages for conversion under California state law, and damages under California Business and Professions Code § 17200, *et seq*. ECF No. 1. On September 24, 2025, the Clerk of the Court issued a summons as to Defendants at 1820 Alum Rock Ave., San Jose, CA 95116. ECF No. 7. According to the proof of service, on December 4, 2025, Innovative's process server served Defendant Lizcano by substitute service upon Juan "Doe", the competent member at Defendants' business at 1820 Alum Rock Avenue, San Jose, CA 95116. ECF No. 12. Trujilio was personally served at the same address. ECF No. 13. On December 4, 2025, Innovative mailed a copy of the complaint and summons to the same address by first class, postage prepaid mail. *Id*. Additionally, on February 6, 2026, Innovative's process server served Defendant MLSJ by service upon Lady Z. Lizcano, the registered agent for service, at her home. ECF No. 19.

To date, Defendants have neither responded to Innovative's complaint nor made any appearance in federal court in relation to this lawsuit. On January 21, 2026, the Clerk of the Court entered default against Lizcano and Trujilio, and on April 30, 2026, the Clerk entered default against MLSJ. ECF Nos. 18, 24. On June 12, 2026, Innovative moved for default judgment against all Defendants, seeking relief on two out of the four causes of action: statutory damages under 47 U.S.C. § 553 and the California conversion claim. ECF No. 26. The Court held a hearing on the motion on August 4, 2026.

## II. LEGAL STANDARD

Federal Rule 55(b)(2) allows a party "to apply to the court for a default judgment." The decision to enter a default judgment is entirely within the district court's discretion. *Aldabe v.*

*Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts consider the following factors in determining whether default judgment is proper:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a plaintiff seeks default against a non-appearing defendant, the court "should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must also assess the adequacy of service of process on the non-appearing party. *See, e.g.*, *Innovative Sports Management, Inc. v. Nunez*, No. 22-cv-07136-JSC, 2023 WL 4551069, at *2 (N.D. Cal. July 13, 2023).

## III. ANALYSIS

### A. Jurisdiction and Service of Process

The Court has subject matter jurisdiction over this lawsuit because Innovative's claims arise under two federal statutes. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Innovative's California conversion claim because that claim arises from the same facts that give rise to the Court's original jurisdiction. 28 U.S.C. § 1367. The Court also has personal jurisdiction over Defendants because MLSJ, Inc. owns the Hacienda Parilla bar, the California-based establishment at which the display of the match occurred. Defendants Lizcano and Trujilio are subject to the Court's personal jurisdiction by way of their roles as directors and board members of MLSJ. Venue lies properly within this district pursuant to 28 U.S.C. § 1391.

Federal Rule 4(e)(1) allows a plaintiff to serve process on a defendant by "following [the] . . . law for serving a summons" of the state in which the federal court sits. California authorizes substitute service when the "summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" Cal. Code Civ. P. § 415.20. Ordinarily, two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made. *Hearn v. Howard*, 177 Cal. App.

4th 1193, 1202 (2009). Courts in California "permit service to be completed upon a good faith attempt at physical service on a . . . person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Id.*, at 1202-03. To satisfy substituted service, a plaintiff must also send the defendant a copy of the documents via first-class mail at the same place where the process server left the documents. Cal. Code. Civ. P. § 415.20(b). Service is deemed complete ten days thereafter. *Id.*

Here, Innovative's process server attempted personal service of Defendant Lizcano and Trujilio at their place of business. ECF Nos. 12-13. Trujilio was personally served. ECF No. 13. The process server unsuccessfully attempted personal service of Lizcano at this location on three separate occasions. *Id.* This constitutes sufficient diligence to support substituted service. *See Hearn*, 177 Cal. App. 4th at 1202. On the fourth attempt, the process server effected substituted service by leaving the documents with a competent adult at the place of business. ECF No. 12. On December 4, 2025, the process server mailed a copy of the documents to the same address via first-class, postage prepaid mail. *Id.* Thus, service was deemed effective on December 14, 2025. Additionally, Innovative's process server completed service on MLSJ by serving the registered agent, Lizcano, at her home address. ECF No. 19. The filing of a proof of service by Innovative's registered process server creates a rebuttable presumption that the service was proper. *See Floveyor Internat., Ltd. v. Superior Ct.*, 59 Cal. App. 4th 789, 795 (1997) (filing of a proof of service creates a rebuttable presumption that the service was proper when the proof of service complies with the applicable statutory requirements).

**B. *Eitel* Factors**

The *Eitel* factors support entering default judgment against Defendants.

**Factor 1: Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor supports default judgment because without judgment, Innovative will be left without a remedy. *See Innovative Sports Mgmt., Inc. v. Gutierrez*, No. 22-CV-05793-BLF, 2023 WL 4157627, at *2 (N.D. Cal. June 23, 2023) (citing *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

**Factors 2 and 3: Merits of Plaintiff's Substantive Claims and Sufficiency of the**

**Complaint**

Innovative's complaint alleges (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion.[1] ECF No. 1. A plaintiff may recover under either Section 605 or Section 553, but not both. *See J & J Sports Prods., Inc. v. Ro*, No. C-09-02860-WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010). Here, Innovative asks to Court to consider only its Section 533 claim. Where Section 605 prohibits unlawful interception of a satellite broadcast, Section 553 prohibits unlawful interception of a cable signal.

The Court concludes that entering default judgment under Section 553 is appropriate.[2] Innovative has established through declarations that Defendants exhibited the match without permission. *See J & J Sports Prods., Inc. v. Mosley*, No. 10–5126, 2011 WL 2066713, at *3 (N.D. Cal. Apr. 13, 2011) (Section 553 "prohibits a person from intercepting or receiving or assisting in intercepting or receiving any communications service offered over a cable system."). Innovative filed a declaration of investigator Alexis Galvez demonstrating that Defendants displayed the match at Hacienda Parilla Bar on September 10, 2024. ECF No. 26-3. Innovative also filed a declaration of Doug Jacobs, Innovative's President, demonstrating both Innovative's ownership of the licensing rights to the match and Defendants' failure to procure a commercial license. ECF No. 26-2. This is sufficient to establish a basis for relief under Section 553.

Innovative has not adequately alleged its conversion claim. In the complaint, Innovative does not identify the legal basis for its claim. Instead, Innovative simply states that Defendants "tortuously obtained possession of the *Program* and wrongfully converted same for his own use and benefit." Compl. ¶ 38. Conclusory allegations are insufficient and not well pleaded. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (default judgment reversed

[1] Innovative's complaint alleges a fourth claim for violation of California Business and Professions Code Section 17200, *et seq.* However, Innovative does not seek default judgment as to that claim. ECF No. 26 at 3.

[2] In the absence of clear evidence to the contrary, courts consistently find that a violation of Section 553 is more likely than a violation of Section 605 given the relative ease of a defendant hiding a cable box compared to a satellite dish. *See J & J Sports Prods., Inc. v. Guzman*, No. c-08-05469, 2009 WL 1034218, at *2 (N.D. Cal. Apr. 16, 2009) ("[G]iven that a cable box is more easily hidden, the court finds that defendants violated section 553, but not section 605.").

on appeal where complaint failed to allege required elements of a claim). Because Innovative has not adequately pled the elements nor identified the law upon which it relies, the Court finds that Innovative has not established a basis for default judgment for its conversion claim.

**Factor 4: Sum of Money at Stake in the Action**

The fourth factor, sum of money at stake, also favors default judgment. Innovative seeks $5,000 in statutory damages and $25,000 in "enhanced" statutory damages under 47 U.S.C. § 553, which empowers courts to award up to $10,000 in statutory damages and up to an additional $50,000 in enhanced damages. ECF No. 26 at 19. Innovative seeks a total of $31,000 in damages, including $1,000 in damages for its conversion claim. *Id.* The fourth factor slightly favors default judgment because although Innovative seeks a substantial sum, it remains within the statutory range.

**Factor 5: Possibility of a Dispute Concerning Material Facts**

The fifth factor is neutral because it is impossible to know whether there will be a dispute concerning material facts given Defendants' failure to appear in this action.

**Factor 6: Whether the Default was Due to Excusable Neglect**

The sixth factor, excusable neglect, also supports default judgment because Innovative served Defendants with the complaint and summons pursuant to California personal and substitute service. There is no indication that Defendants' default is due to excusable neglect.

**Factor 7: Policy Favoring Decisions on the Merits**

The seventh factor weighs against default judgment because the Federal Rules embrace a "strong policy" of deciding cases on the merits. *Eitel*, 782 F.2d at 1472. Where one party fails to litigate a case, it is impossible to decide a case on the merits.

On balance, the first, second, third, fourth, and sixth factors favor default judgment. For those reasons, the *Eitel* factors support entering default judgment against Defendants on Innovative's claim under 47 U.S.C. § 553.

## IV. SCOPE OF RELIEF

### A. Conversion

Innovative's allegations do not support its conversion claim. Accordingly, Innovative is

not entitled to recover the $1,000 it seeks for that claim.

**B. Damages under 47 U.S.C. § 553**

The complaint's factual allegations, when taken as true, state a claim for relief under Section 553. Innovative is therefore entitled to damages. Under Section 553, a plaintiff may recover actual damages or "an award of statutory damages . . . in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A). Where the court concludes that the "violation was committed willfully and for purposes of commercial advantage or private financial gain," the court may award enhanced damages of up to $50,000. *Id.* § 553(c)(3)(B). Although the Ninth Circuit has not set forth specific factors to determine an appropriate figure for damages, district courts consider a range of factors, including "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. c-10-05092 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). Often, "courts award statutory damages in an amount equal to the actual loss based on the licensing fee[.]" *Nunez*, 2023 WL 4551069, at *6. The Ninth Circuit has indicated that district courts should consider the effect that a damages award might have in deterring the defendants' unlawful activities in the future. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Innovative seeks $5,000 in statutory damages and $25,000 in enhanced damages. As to statutory damages, Innovative provided an affidavit demonstrating that Defendants would have paid $1,000 to display the soccer match in a bar the size of Hacienda Parilla. ECF No. 26-2. At the August 4, 2026 hearing, Innovative's counsel confirmed that Defendants would have been required to pay Innovative $1,000 for a license to lawfully display the soccer match at the Hacienda Parilla Bar. The Court agrees that it is reasonable to award statutory damages such that Innovative is compensated for the licensing fee it lost by virtue of the unauthorized broadcast. *Innovative Sports Management, Inc. v. Martha J. Martinez Polanias*, No. 25-CV-08726-BLF, 2026 WL 2196270, at *6 (N.D. Cal. July 29, 2026). Here, the usual factors for determining an appropriate sum for damages are not implicated. There is no indication that Defendants increased

their food prices, advertised the soccer match, or charged a cover fee. In light of the above, the Court finds that an award of modest damages is just and provides a deterrence. Accordingly, the Court awards Innovative $1,000 in statutory damages. *See* 47 U.S.C. § 553(c)(3)(A).

Regarding enhanced damages, as the Ninth Circuit has counseled, a district court's award of damages should focus on deterring future unlawful conduct. *See Kingvision*, 168 F.3d at 350. Innovative correctly points out that Defendants have engaged in this conduct at least on two prior occasions; Defendants displayed this most recent program after receiving notice from Innovative of the prior cases. *See Innovative Sports Mgmt., Inc. v. Lizcano*, Case No. 5:24-cv-02678 ("*Lizcano I*"); *Innovative Sports Mgmt., Inc. v. Lizcano*, Case No. 5:25-cv-5056 ("*Lizcano II*"). Innovative sent Defendants settlement demand letters on December 5, 2023, January 12, 2024, and January 30, 2024, and served Defendants with the complaint for *Lizcano I* on July 16, 2024 – all before the September 10, 2024 program at issue in this case. ECF No. 26-4, ¶¶ 11-15. There is no doubt that Defendants were on notice when they aired the soccer match at Hacienda Parilla Bar on September 10, 2024. Given the number of times Defendants have engaged in this conduct, the circumstances here merit a greater deterrent measure than statutory damages; accordingly, the Court awards Innovative $7,500 in enhanced damages against Defendants, for a total of $8,500 in damages on Innovative's Section 553 claim.

**C. Attorney's Fees and Costs**

Innovative seeks leave to file a motion for costs and attorneys' fees. Though Section 605 requires courts to award costs and attorneys' fees to a prevailing plaintiff, Section 553 leaves this to the court's discretion. *Concepcion*, 2011 WL 2220101, at *5 ("Under Section 605, an award is mandatory, but under Section 553, it is not."). Should the Court choose to make such an award, Section 553(c)(2)(C) allows for "recovery of full costs . . . [and] reasonable attorneys' fees." If Innovative elects to recover its fees and costs, it must file a motion for costs and attorneys' fees within 14 days of this Order. Innovative's motion should explain why the Court should exercise its discretion to award fees and costs and provide the evidentiary basis for the claimed fees and costs.

## V. CONCLUSION

The Court ORDERS as follows:

(1) Innovative's motion for default judgment is granted as to the claim under 47 U.S.C. § 553, and denied as to all other claims;

(2) The Court awards Innovative $8,500 in total damages (comprised of $1,000 in statutory damages and $7,500 in enhanced damages, against all Defendants);

(3) A separate judgment will be entered for Plaintiff and against Defendants in the total amount of $8,500 plus an award of reasonable attorneys' fees to be determined by a separate motion; and

(4) Innovative shall file its motion for attorneys' fees and costs within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: August 5, 2026

Noël Wise
United States District Judge